UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| AMY ROSE BONNING,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIV Case No. 1:25-cv-00591-BLW<br>CR Case No. 1:24-cr-00100-BLW-1<br><br>**MEMORANDUM DECISION AND ORDER** |

Petitioner Amy Rose Bonning (Petitioner) filed a motion under 28 U.S.C. § 2255 on October 21, 2025. Civ. Dkt. 1; Crim. Dkt. 91. The United States filed a Motion to Dismiss the § 2255 petition as premature on December 11, 2025, because the direct appeal had not yet been adjudicated. Civ. Dkt. 6.

The direct appeal was completed on January 22, 2026, resulting in a stipulated amended judgment entered on March 27, 2026. Crim. Dkts. 93, 94, 99. The Court ordered briefing on the § 2255 motion. The United States filed a Response. Dkt. 9.

Having considered the § 2255 Motion and the Response, the Court enters this Order denying the Motion for the following reasons.

**MEMORANDUM DECISION AND ORDER - 1**

## LAW AND PROCEDURES GOVERNING § 2255 CLAIMS

Title 28 U.S.C. § 2255(a) provides for a collateral challenge to the imposition or length of a federal criminal sentence, based upon four grounds: "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See also* Rule 1, § 2255 Rules.

The § 2255 motion must: "(1) specify all the grounds for relief available to the moving party" and "(2) state the facts supporting each ground." Rule 2(b), § 2255 Rules. "Rule 4(b) recognizes that summary dismissal of meritless motions under § 2255 is appropriate to relieve the district courts from the heavy burden which an obligation of hearings and findings on these motions would impose." *Abatino v. United States*, 750 F.2d 1442, 1444 (9th Cir. 1985).

## REVIEW OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIMS

### 1. Standard of Law

A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, from pretrial proceedings through sentencing to direct appeal. *Missouri v. Frye*, 566 U.S. 134, 145 (2012); *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). "Effective assistance" is defined by

**MEMORANDUM DECISION AND ORDER - 2**

*Strickland v. Washington*, 466 U.S. 668 (1984). To establish a claim for ineffective assistance of counsel, Petitioner must prove (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In evaluating an ineffective assistance of counsel claim, the court may consider either the performance or the prejudice component of S*trickland* first. *Id.* at 697. The Court need not consider one component if there is an insufficient showing of the other. *Id.*

## 2. Background

Petitioner was originally indicted on two counts of illegal drug distribution, including a forfeiture request: Count One, which charged her with distributing fifty grams or more of a mixture and substance containing methamphetamine in January 2024; and Count Two, charging her with the same crime in February 2024. Crim. Dkt. 2. The United States filed a Superseding Indictment, containing the same two charges and a forfeiture request, but adding the fact that, at the time of the alleged crimes, Petitioner's criminal history showed a final state conviction for a serious drug felony for which she served more than 12 months of imprisonment within 15 years of the crimes in the indictment. Crim. Dkt. 34.

**MEMORANDUM DECISION AND ORDER - 3**

On March 4, 2025, the Petitioner appeared with counsel and pleaded guilty to Count One of the Superseding Indictment, charging her with distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), after having been convicted of a prior serious drug offense. Count Two was dismissed. On May 20, 2025, the Petitioner was sentenced by this Court to 100 months of imprisonment, 8 years of supervised release, a $1,000 fine, and a $100 special assessment.

### 3.  Discussion

Petitioner alleges three instances of ineffective assistance of counsel: (1) failure to file a motion to dismiss Count Two of the Superseding Indictment; (2) failure to object to her criminal history category calculation; and (3) failure to object to a Court finding that she had a prior conviction for a serious drug offense.

A. <u>Failure to File a Motion to Dismiss Count Two of the Superseding Indictment</u>

Petitioner asserts that, during the criminal proceedings, the Court indicated it would entertain a motion to dismiss Count Two of the Superseding Indictment, because Petitioner alleged that the amount of drugs at issue was 22.28 grams, not 50 or more grams. Petitioner argues that her defense counsel was ineffective for failing to file a motion to dismiss. However, Count Two of the Superseding Indictment was dismissed by the prosecutor and Court as a result of the plea

**MEMORANDUM DECISION AND ORDER - 4**

agreement. Crim. Dkt. 90 at 3. Thus, it does not matter whether Count Two was based on an incorrect amount of methamphetamine or whether Count Two was dismissed by motion or agreement. Petitioner has failed to show either deficient performance or prejudice under *Strickland*.

Petitioner asserts that the plea agreement required the United States to withdraw the entire Superseding Indictment and proceed only on the original Indictment. But that is not what the plea agreement says. It says Petitioner was pleading guilty to Count One of the Superseding Indictment. Crim. Dkt 64 at 2. During the plea hearing, the prosecutor read Count One of the Superseding Indictment, including the provision of the prior serious drug conviction. The Court asked if anything the prosecutor read was incorrect or whether she disagreed with anything he said. Petitioner answered, "No." Crim. Dkt. 89 at 16.

Nothing in the record supports Petitioner's allegation that the plea agreement was based on the original Indictment and not the Superseding Indictment. These allegations are without any record support. Thus, she has not shown deficient performance or prejudice under *Strickland*.

### B. Failure to Object to Criminal History Category Calculation

Petitioner further alleges that, after she signed the plea agreement in March 2025, the law changed in April 2025 to a 5-year minimum for 50 grams or more of methamphetamine. Petitioner is incorrect. While the United States Sentencing

**MEMORANDUM DECISION AND ORDER - 5**

Commission adopted broad changes to the United States Sentencing Guidelines in April 2025, mandatory minimum thresholds are statutory—meaning they are passed by Congress and cannot be changed by the Commission alone. These allegations are without support.

Petitioner next asserts that her counsel was ineffective for failing to challenge her criminal history calculation under changes to the United States Sentencing Guidelines. Petitioner was sentenced to the mandatory minimum sentence of 120 months (less 20 months pursuant to § 5K1.1). She argues that her criminal history status points should have been reduced by 9 based on retroactive changes to U.S.S.G. §§ 4A1.1 and 4A1.2. The total criminal history points from §4A1.1 determine the criminal history category (I–VI) in the Sentencing Table in Chapter Five, Part A.

The United States correctly argues that, regardless of whether Petitioner's Criminal History Category was V *or any category less than V*, the low end of the guidelines would still be the mandatory minimum sentence of 120 months that she actually received. Therefore, she has not shown deficient performance or prejudice under *Strickland*.

### C. Failure to Object to Prior Conviction for a Serious Drug Offense

Petitioner asserts that her counsel was ineffective for failing to challenge the Court's finding that she had a prior conviction for a serious drug felony. This claim

**MEMORANDUM DECISION AND ORDER - 6**

is clearly defeated by the record. At the change of pleas hearing, Petitioner stated under oath that she sold methamphetamine, she knew it was methamphetamine, agreed it was more than 50 grams of a mixture and substance containing methamphetamine, *and* admitted that she was convicted of the crime of possession of controlled substance with intent to deliver in Ada County, Idaho, Case No. CR-01-20-22541, in which she served more than 12 months of imprisonment and was released within 15 years of the commencement of the instant offense. Crim. Dkt. 89 at 16-17.

A state conviction for possession with intent to deliver methamphetamine qualifies as a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii). The record shows Petitioner served more than 12 months imprisonment on the serious state drug offense and was released within 15 years of the commencement of the crime in this case. Crim. Dkt. 73 at 15. Petitioner's argument that to qualify for a "serious drug offense" the prior offense must be labeled a "trafficking" offense, *see* Dkt. 1 at 3, is unsupported by the law. She suffered no prejudice from her attorney's failure to object to her admission or the Court's finding that she had previously been convicted of a serious drug offense.

## ORDER

**IT IS ORDERED:**

1.  Petitioner's § 2255 Motion (Civ. Dkt. 1; Crim Dkt. 91) is DENIED.

**MEMORANDUM DECISION AND ORDER - 7**

2. Respondent's Motion to Dismiss as Premature (Civ. Dkt. 6) is DENIED as MOOT.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue.

4. The Court reminds the United States that its response to Ms. Bonning's Motion to Modify or Amend Order re: Financial Responsibility re: Judgment (Crim. Dkt. 97) is overdue. The response must be filed within 21 days after entry of this Order.

DATED: June 18, 2026

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 8**